UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARCELLE HOSKINS and ANTHONY HOSKINS | CIVIL ACTION NO. 6:14-cv-02191 |
| VERSUS | JUDGE DOHERTY |
| POINT HOME SECURITY, INC. | MAGISTRATE JUDGE HANNA |

## REMAND ORDER

The defendant, Point Home Security, Inc., removed this action from state court, alleging that this Court has subject-matter jurisdiction because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. (Rec. Doc. 1 at 2). The undersigned reviewed the pleadings, found that the parties to this action are diverse in citizenship (Rec. Doc. 5 at 1), but also found that it was not facially apparent that the amount in controversy exceeds the jurisdictional threshold (Rec. Doc. 5 at 2). The undersigned ordered Point Home to provide additional facts regarding the amount in controversy. (Rec. Doc. 5 at 3). Point Home complied with the briefing order and submitted a responsive memorandum. (Rec. Doc. 7). The plaintiff was also given an opportunity to address the amount in controversy (Rec. Doc. 5 at 3), but failed to do so.

Having reviewed the additional information submitted by Point Home, the undersigned now finds that Point Home did not prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4] Therefore, when an action is removed from state court, as this one was, the removing party bears the burden of proving that federal jurisdiction exists.[5] In this case, Point Home must bear that burden.

---

[1] *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

When, as in this case, the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[6] This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[7] As noted previously, the undersigned already determined that the amount in controversy is not apparent from the pleadings; consequently, Point Home was required to prove by a preponderance of the evidence that the amount in controversy requirement was met. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[8] Any doubts as to the propriety of removal should be construed strictly in favor of remand.[9]

---

[6] *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[7] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[8] *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[9] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

Once a court has concluded that the amount in controversy is not facially apparent, the removing party must present facts, supported by summary-judgment-type evidence, proving by a preponderance of the evidence that an amount exceeding $75,000 is in controversy.[10]  Point Home presented no such evidence, admitting instead that it has obtained no details from the plaintiffs regarding their claimed damages.  Furthermore, Point Home compared the plaintiffs' claims only to the damages award in one similar case.  However, the cited case, *Young v. First National Bank of Shreveport*, 34,214 (La. App. 2 Cir. 08/22/01), 794 So.2d 128, *writ denied*, 2001-C-2641 (La. 01/04/02), *writ denied*, 2001-C-2762 (La. 03/22/02), does not state that the plaintiffs were awarded special damages, held that the award of one plaintiff's general damages was reversed, and held that the other plaintiff's general damages award was reduced to $75,000.  It appears, therefore, that the total amount awarded in the cited case was $75,000.  Consequently, Point Home did not identify a single case in which similar allegations resulted in a damages award exceeding $75,000.

In a similar situation, another court in this circuit said:

---

[10]  *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

> [The defendant] has not produced any competent evidence . . . substantiating its contention that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. Instead, it has relied solely upon the allegations concerning plaintiff's injuries/damages that are contained in the petition. . . which the undersigned has already determined are insufficient to establish the amount in controversy. As such, [the defendant] has failed to carry its burden of proof upon removal.[11]

The undersigned finds that the defendant in this case has similarly failed to carry its burden of proof.

For these reasons, the undersigned finds that this Court lacks subject-matter jurisdiction over this action. Pursuant to 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly,

IT IS ORDERED that this matter shall be remanded to the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, for lack of subject matter jurisdiction.

This Order shall be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until

---

[11] *Sanchez v. Big Lots Stores, Inc.*, No. 10-208-BAJ-M2, 2011 WL 900295, at *3 (M.D. La. Feb. 18, 2011), *report and recommendation adopted*, No. 10-208-BAJ-CN, 2011 WL 902345 (M.D. La. Mar. 14, 2011).

the appeal is decided. If no timely appeal is filed, the clerk shall remand the action forthwith.

Signed at Lafayette, Louisiana, this 4th day of August 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE